```
           IN THE UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

               Plaintiff,
     vs.                              Case No. 05-40149-01-RDR

JOHN E. SHIREY,

               Defendant.
```

## MEMORANDUM AND ORDER

On February 15, 2006, the court held a hearing on the pretrial motions filed by the defendant. Having carefully reviewed the evidence and arguments, the court is now prepared to rule.

The defendant is charged with three counts of interstate transportation and sale of endangered species in violation of 16 U.S.C. § 3373(d)(1)(B). The defendant filed three pretrial motions: (1) motion to suppress involuntary statement; (2) motion for discovery; and (3) motion to compel discovery regarding informant.

**MOTION TO SUPPRESS INVOLUNTARY STATEMENT**

The defendant seeks to suppress statements he made to law enforcement on January 11, 2005. He contends these statements were not made voluntarily. The government has responded that the evidence shows that the statements made by the defendant were voluntary.

Based upon the evidence presented at the hearing, the court makes the following findings of fact and conclusions of law.

*Findings of Fact*

    1.  On January 11, 2005 the defendant met with United States Fish and Wildlife Agent Mark A. Webb at a service station near Lincoln, Nebraska.  Agent Webb was working undercover at the time.  He had identified himself as someone else and told the defendant that he did not work for the federal government.  During the course of this meeting, the defendant allegedly sold a black leopard kitten to Agent Webb.

    2.  Following the completion of the purported sale, Agent Webb identified himself as a federal law enforcement officer.  Other officers who were in close proximity at the time of the transaction approached the defendant.  Agent Webb told the defendant he was not under arrest.  He asked the defendant if he would be willing to answer some questions at a nearby office.  He further informed the defendant that he was free to go.  The defendant agreed to answer questions.  He rode with Agent Webb to an office that was located approximately two and one-half miles from the service station.  The defendant's girlfriend followed them in the defendant's vehicle.

    3.   The defendant was interviewed by Agent Webb for approximately one and one-half hours.  The interview was conducted in Agent Webb's office, which was located in a strip mall.  The defendant was not threatened or coerced during the interview.  He was never restrained in any fashion.  At one point during the interview, the defendant needed to use the restroom.  Agent Webb

2

told him where the restroom was and the defendant exited the room. He returned shortly thereafter and the interview continued.

    4. Other officers were present during the interview. Some came and went during the course of the interview, but at least two officers remained in the room during the interview. None of the officers displayed a weapon at the scene of the transaction or during the interview.

    5. On two prior occasions, the defendant had talked with law enforcement officers concerning the sale of black leopard kittens. In February 2004, he was not arrested but was interviewed concerning such a transaction. In 1997, he was arrested on a fish and game violation and ultimately placed on diversion.

*Conclusions of Law*

    1. The standard for determining whether a statement made to law enforcement officers is involuntary is as follows:

> A statement is involuntary if the government's conduct caused the witness' will to be overborne and his capacity for self-determination critically impaired. In determining whether a statement was freely and voluntarily given, the courts consider the totality of the circumstances. The relevant circumstances embrace both the characteristics of the accused and the details of the interrogation. Relevant factors include the [witness's] age, intelligence, and education, the length of detention and questioning, the use or threat of physical punishment, whether Miranda warnings were given, the accused's physical and mental characteristics, the location of the interrogation, and the conduct of the police officers.

<u>United States v. Gonzales</u>, 164 F.3d 1285, 1289 (10th Cir. 1999) (citations, quotations, alterations omitted).

2.  The court finds no support for the defendant's contention that the statements made on January 11, 2005 were involuntary.  The totality of the circumstances suggest that the statements made by the defendant were voluntary.  The defendant was specifically told that he was free to go and that he did not have to answer any questions.  The defendant readily agreed to go with Agent Webb and answer questions.  There was absolutely no evidence of coercion by the officers prior to the interview or during the interview.  Moreover, no evidence was offered that the defendant was susceptible to coercion because of his age, intelligence or education.  The defendant was never threatened or restrained.  The defendant had previously been involved in circumstances similar to those he faced on January 11, 2005, and presumably he was familiar with his rights in the criminal justice system.

3.  In sum, there is little question that the defendant acted voluntarily when he made statements on January 11, 2005.  The defendant's motion to suppress shall be denied.

**MOTION TO COMPEL DISCOVERY REGARDING INFORMANT/MOTION FOR DISCOVERY**

The defendant sought various information from the government in these motions.  At the hearing, the defendant indicated that he was satisfied with the information that has been or will be provided by the government.  Any material that has not been provided to date should be provided to the defendant at least fifteen days prior to trial.  Accordingly, these motions shall be

denied as moot.

**IT IS THEREFORE ORDERED** that defendant's motion to suppress involuntary statement (Doc. # 15) be hereby denied.

**IT IS FURTHER ORDERED** that defendant's motion for discovery (Doc. # 13) be hereby denied as moot.

**IT IS FURTHER ORDERED** that defendant's motion to compel discovery regarding informant (Doc. # 14) be hereby denied as moot.

**IT IS SO ORDERED.**

Dated this 21st day of February, 2006 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge